**Isljam NIKAJ, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40927–ag.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Isljam Nikaj, pro se, Farmington Hills, Michigan, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Isljam Nikaj, pro se, petitions for review of the BIA's October 2003 decision affirming Immigration Judge ("IJ") Sandy K. Hom's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). A determination

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

"based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard ... constitutes *legal, not factual error." Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

Here, the IJ's finding that changed country conditions undermined any fear of persecution that Nikaj may possess is supported by substantial evidence. Background materials in the record indicate that amnesty has been granted to draft evaders and military deserters in Serbia and Montenegro, and that conditions have improved for both countries' ethnic Albanians. In addition, substantial evidence supports the IJ's finding that Nikaj's political involvement in a student youth group, and the destruction of his father's café, were not material to his claim. Nikaj presented no evidence that he feared mistreatment on account of his membership in the student group, and the destruction of his father's property did not involve him.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).